

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

Nos. 04-16-00245-CR & 04-16-00246-CR

Tim S. **ARCHULETA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 379th Judicial District Court, Bexar County, Texas
Trial Court Nos. 2013CR3478C & 2013CR3479C
Honorable Ron Rangel, Judge Presiding

PER CURIAM

Sitting:      Karen Angelini, Justice
              Marialyn Barnard, Justice
              Rebeca C. Martinez, Justice

Delivered and Filed:  June 15, 2016

DISMISSED

Pursuant to a plea-bargain agreement, Tim S. Archuleta pled nolo contendere to injury to a child and was sentenced to twenty years in prison in accordance with the terms of his plea-bargain agreement in trial court cause numbers 2013CR3478C and 2013CR3479C. On March 11, 2016, the trial court signed certifications of defendant's right to appeal stating that each of these cases "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). After Archuleta filed notices of appeal, the trial court clerk sent copies of the

certifications and notices of appeal to this court. *See id.* 25.2(e). The clerk's records, which include the trial court's Rule 25.2(a)(2) certifications, have been filed. *See id.* 25.2(d).

"In a plea bargain case . . . a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, or (B) after getting the trial court's permission to appeal." *Id.* 25.2(a)(2). The clerk's records, which each contain a written plea bargain, establish that the punishment assessed by the trial court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See id.* Furthermore, the clerk's records do not include a written motion filed and ruled upon before trial; nor do they indicate that the trial court gave Archuleta permission to appeal. *See id.* Thus, the trial court's certifications appear to accurately reflect that these are plea-bargain cases and that Archuleta does not have a right to appeal. We must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id.* 25.2(d).

We informed Archuleta that these appeals would be dismissed pursuant to Texas Rule of Appellate Procedure 25.2(d), unless amended trial court certifications showing that he had the right to appeal were made part of the appellate records. *See* TEX. R. APP. P. 25.2(d), 37.1; *Daniels v. State*, 110 S.W.3d 174 (Tex. App.—San Antonio 2003, order). No amended trial court certifications have been filed. Therefore, these appeals are dismissed pursuant to Rule 25.2(d).

PER CURIAM

Do not publish